## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 24-35 |
| ) | Judge Nora Barry Fischer |
| ROAM L. BEER ) | |

### MEMORANDUM ORDER

I.   INTRODUCTION

In this case, Defendant Roam Beer is charged with possession of an unregistered firearm, namely a destructive device, in violation of 26 U.S.C. § 5861(d), for conduct occurring on or about January 5, 2024, at Count One of the Indictment. (Docket No. 3). The matter is set for jury selection and trial to commence on August 4, 2025, (Docket No. 92), at which time the Government intends to present evidence to prove that Defendant knowingly possessed a bomb and is the individual who is seen on surveillance footage lighting the fuse and throwing it at the house of his estranged wife, Patricia Beer. (Docket No. 77). Defendant denies that he possessed the bomb and that he was the individual that detonated it at the residence. (Docket No. 84).

Presently before the Court is the Government's Motion in Limine to admit Rule 404(B) evidence, (Docket No. 77), and Defendant's Response in Opposition, (Docket No. 84). At the pretrial conference, the Court heard oral argument as to the instant motion, and the Government withdrew portions of its motion seeking the admission of other Rule 404(b) evidence. (Docket Nos. 96; 99). However, the Government continues to seek the admission of evidence concerning a domestic violence episode in September 2023 where Defendant allegedly grabbed Ms. Beer by her hair and pulled some of it out of her head, arguing that it is relevant to Defendant's motive, intent, and identity. (Docket No. 77). Defendant counters that the evidence should be excluded as

it is of limited relevance to the issues under Rule 404(b) and its probative value is substantially outweighed by the factors set forth in Rule 403. (Docket No. 84). After careful consideration of the parties' positions and for the following reasons, the Government's Motion [77] is granted as to the remaining piece of 404(b) evidence.

The Government previously proposed a limiting instruction before withdrawing the other portions of its motion. Given same, the parties shall meet, confer, and propose revised limiting instructions as to the 404(b) evidence no later than **July 31, 2025**.

II. LEGAL STANDARDS

Generally, evidence is relevant and admissible if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; 402. Evidence of a criminal defendant's conduct which is not charged in the indictment, including crimes, wrongs, or other acts, may be admissible if: (1) the evidence is intrinsic to the charged offense; or, (2) the evidence is extrinsic to the charged offense but is offered for a proper purpose under Rule 404(b). *See United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010), *cert. denied*, 131 S. Ct. 363, 178 L. Ed. 2d 234 (2010); *United States v. Williams*, 647 F. App'x. 144, 147 (3d Cir. 2016) (same). In the Third Circuit, uncharged acts are considered intrinsic to the charged offense if such acts "directly prove" the charged offense, or are "performed contemporaneously with the charged crime" and "facilitate the commission of the charged crime." *Id.* at 248-49. This type of evidence is admissible without the need for the government to provide notice to the defense prior to trial or for the Court to provide limiting instructions to the jurors during trial. *Id.* Uncharged acts which do not come within the definition

of intrinsic evidence constitute extrinsic evidence and must meet the requirements of Rule 404(b) prior to being admitted at trial. Rule 404(b) bars "the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character." *Huddleston v. United States,* 485 U.S. 681, 685 (1988).

> Rule 404(b) provides, in pertinent part, that:
>
>> (b) Crimes, Wrongs, or Other Acts.
>> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>> (2) Permitted Uses … This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). As the Court of Appeals articulated:

> [b]ecause Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has "the burden of demonstrating [the evidence's] applicability." [*United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014)]. Admissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction. *See Huddleston v. United States*, 485 U.S. 681, 691, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *Caldwell*, 760 F.3d at 277–78.

*United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017). For a defendant's prior bad acts to be admissible, the proponent and the Court must identify a chain of inferences of which no link may be based upon propensity. *United States v. Foster*, 891 F.3d 93, 107 (3d Cir. 2018); *United States v. Miah*, 120 F.4th 99, 110 (3d Cir. 2024).

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court of Appeals has observed:

> Rule 403 does not provide a shield for defendants who engage in outrageous acts [. . . ]. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone.

*Repak*, 852 F.3d at 248 (quoting *United States v. Cross*, 308 F.3d 308, 325 (3d Cir. 2002). Thus, a district court need only keep out evidence "if its unfairly prejudicial effect 'substantially outweigh[s]' its probative value." *Id.* (quoting *Cross*, 308 F.3d at 323).

III. DISCUSSION

As noted, the Government seeks to admit evidence of Defendant grabbing the victim, Patricia Beer, by her hair and pulling some of it from her head during a September 2023 argument. (Docket No. 77). The Government maintains that such evidence "will be offered to establish the defendant's identity as a person who had the motive and intent" to commit the charged offense and further argues that its probative value is not substantially outweighed by unfair prejudice. (*Id*). Defendant counters that evidence of the September 2023 argument and assault has limited probative value and therefore is inadmissible. (Docket No. 84). At oral argument, Defendant contested that motive and intent were at issue in this matter but conceded that a chain of inferences could be drawn to demonstrate identity. (Docket No. 101 at 66).

At the outset, Defendant does not contest that the evidence is plausibly offered for a proper purpose under Rule 404(b). (*See* Docket No. 84). Rather, the crux of Defendant's argument is that

4

the proffered 404(b) evidence is of limited relevance such that its probative value is substantially outweighed by the danger of unfair prejudice. (*See* Docket No. 101 at 66-67). In light of Defendant's concession, the Court finds that the evidence was offered for proper purposes under Rule 404(b). Fed. R. Evid. 404(B); *see also United States v. Green*, 617 F.3d 233, 250 (3d Cir. 2010) (evidence of motive); *United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020) ("Other acts of domestic violence involving the same victim are textbook examples of evidence admissible under Rule 404(b)….").

Next, the Court must consider the relevance of the evidence for each of the identified purposes, i.e., motive, intent, and (perhaps most importantly) identity. Evidence is relevant and admissible if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; 402. A fact is of consequence if it involves "material issues and facts the government must prove to obtain a conviction." *Caldwell*, 760 F.3d at 278 (citing *United States v. Sampson*, 980 F.2d 883, 888 (3d Cir. 1992)). Defendant has been charged with possession of an unregistered firearm, namely a destructive device. (Docket No. 3). As such, the Government must prove beyond a reasonable doubt that:

> (1) the defendant knowingly possessed a firearm; (2) this firearm was a destructive device, which is defined to include a bomb; (3) the defendant knew of the characteristics of the firearm, that is, that it was a bomb; (4) that this firearm was or could readily have been put in operating condition; and, (5) this firearm was not registered to the defendant in the national firearms registration and transfer record.

Docket No. 80; *see also* Third Circuit Model Criminal Jury Instructions § 6.26.5861.

In *Gov't of Virgin Islands v. Harris*, the government similarly sought to introduce evidence

of a defendant's history of domestic violence against a murder victim who had disappeared. *See Gov't of Virgin Islands v. Harris*, 938 F.2d 401, 420 (3d Cir. 1991). The Third Circuit found that the specific acts of domestic violence toward the victim "were highly probative in demonstrating his motive" and upheld the district court's admission of those acts into evidence. *Id.*; *see also Berckmann*, 971 F.3d at 1002 (admitting evidence of domestic violence for various Rule 404(b) purposes). Here, the evidence of violence against the victim is not as extensive as the admitted prior acts in *Harris* as the Government plans to introduce a single assault four months prior to the charged offense. *Harris*, 938 F.2d at 405-06. Nevertheless, a lone assault prior to the offense may be sufficient proof to demonstrate Defendant's alleged motive to harm Ms. Beer, even if the evidence does not show motive with certainty. To that end, the Court recognizes that motive is not an element of the offense, but evidence of a particular defendant's motive for committing the crime tends to establish his identity as the perpetrator, which appears to be the central element at issue in this case. *Gov't of Virgin Islands v. Pinney*, 967 F.2d 912, 916 (3d Cir. 1992). Thus, evidence of Defendant's alleged motive to harm Ms. Beer makes it more likely that he is the person who threw a bomb at her house.

     Similarly, evidence that Defendant was motivated to harm the victim tends to suggest his awareness of the firearm's characteristics, i.e., that he possessed a bomb. Evidence as to Defendant's knowledge of the device's characteristics is circumstantial and less probative than other evidence proving same, such as the video depicting the perpetrator lighting and throwing an explosive at Ms. Beer's home. Nevertheless, it does offer some probative value as to Defendant's intent. Accordingly, the evidence is relevant to Defendant's alleged motive for committing the

offense, which, in turn, is relevant to whether Defendant is the person who possessed an unregistered firearm and whether that person who possessed it was aware that it was a bomb.

With that in mind, the Court turns to the potential for unfair prejudice and other Rule 403 considerations. First, the Third Circuit has addressed the potential for unfair prejudice in similar unlawful firearm possession cases. *See, e.g.*, *United States v. Lee*, 612 F.3d 170 (3d Cir. 2010). In *Lee*, the district court admitted the defendant's statement detailing that he had access to firearms, was willing to use them, had shot at someone with whom he had a feud, and had previously possessed firearms on several occasions. *Id*. at 185-86. In upholding the district court's decision to admit that evidence, the Third Circuit noted that: "[Defendant's] statements reveal [his] motive to possess weapons on the day in question, which is highly probative in a case like this, in which the defendant has denied possession all together." *Id*. at 190. As earlier discussed, the proffered evidence in this case is probative to Defendant's motive as he disputes possession of an unregistered firearm. Yet, in the Court's opinion, the evidence admitted in *Lee* had a greater potential for unfair prejudice because the jury heard about grave offenses, such as attempted murder, and could infer that the defendant had a propensity to possess firearms because of his prior possessions. *Id*. at 185-86. That evaluation leads the Court to conclude that the proffered evidence in this matter passes the Rule 403 balancing test, just as the admitted evidence in *Lee* did. *Id*. at 190.

Second, the other evidence in this case reveals that an individual ignited and threw a bomb at the house of Defendant's ex-wife. (Docket No. 101 at 67-68). In this Court's estimation, the literally explosive nature of the charged offense diminishes the possibility that the jury will place

7

undue weight on a separate accusation of domestic violence. *United States* v. *Hilts*, 632 F. App'x 699, 706 (3d Cir. 2015) ("[T]he risk of unfair prejudice from inflammatory evidence is diminished by the presence of other evidence that is similarly shocking."). Given same, the proffered evidence has less potential for unfair prejudice.

Third, this Court has means of limiting any potential for unfair prejudice. The Court has already added, at its own direction, several voir dire questions to identify those in the venire panel who may place undue weight on an act of domestic violence.[1] *See Butler v. City of Camden*, 352 F.3d 811, 814-15 (3d Cir. 2003) (one purpose of voir dire is to select an impartial jury who will follow the court's instructions). Moreover, if requested by Defendant, this Court must issue a limiting instruction to, in part, limit the possibility of unfair prejudice.[2] *Green*, 617 F.3d at 252 ("Furthermore, any risk of unfair prejudice was minimized by the District Court's limiting instruction, which carefully circumscribed the purpose for which the jury could consider the evidence…."). Previous decisions of the Third Circuit, the minimized "shock value" of the evidence, and this Court's ability to reduce the risk of unfair prejudice through other means weigh in favor of finding that the potential for unfair prejudice does not substantially outweigh its probative value.

Additionally, none of Rule 403's remaining considerations caution against admitting the proffered evidence. Although jury confusion is a possibility, it is unlikely. The domestic violence

---

1    Counsel agreed to the Court's additional questions. (Docket No. 101 at 58-59).
2    At oral argument, counsel was initially inclined to refuse a limiting instruction. However, he later withdrew that request, believing one to be required by precedent. Having clarified that one is required only when the defendant requests one, the Court will permit counsel to reconsider whether one is desired in this matter. (Docket No. 101 at 72-73).

evidence that the Government plans to admit is based on an argument and assault occurring several months before the charged offense. (Docket No. 101 at 68). Rather, he is charged with possession of an unregistered firearm, and the elements for that offense are significantly different from the elements of a domestic violence offense.[3] *See United States v. Johnson*, 262 F.R.D. 410, 420 (D. Del. 2009) (similarity of civil complaint to criminal charges created potential for jury confusion). Thus, the possibility that the jury may substitute the proffered evidence for proof of the charged conduct seems distant.

Altogether, the Government has satisfied its burden of proving the admissibility of the disputed evidence under Rules 404 and 403. Accordingly, the Court will grant the Government's motion as to the remaining issue and permit the introduction of evidence demonstrating that the defendant physically assaulted Patricia Beer in September 2023 for the purposes proffered by the Government.

IV.     CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that the Government's Motion seeking to admit evidence [77] is GRANTED; and,

IT IS FURTHER ORDERED that parties shall meet and confer and propose revised limiting instructions as to the 404(b) evidence no later than **July 31, 2025**.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

---

3       *See* 18 Pa. Cons. Stat. § 2701 (2014) (simple assault).

9

Dated: July 25, 2025

cc/ecf: All counsel of record.